# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

_____

Nº 11-CV-0873 (JFB)(ARL)
_____

PAT MURPHY,

Plaintiff,

VERSUS

STEPHEN RISO, LORENA RISO, BARRY R. CARUS, MICHAEL C. MANNIELLO AND OCI MORTGAGE CORPORATION.

Defendants.

_____

**MEMORANDUM AND ORDER**
January 12, 2012
_____

Joseph F. Bianco, District Judge:

*Pro se* plaintiff Pat Murphy ("plaintiff" or "Murphy") filed this action against defendants Stephen Riso ("S. Riso"), Lorena Riso ("L. Riso"), Barry R. Carus ("Carus"), Michael C. Manniello ("Manniello") and OCI Mortgage Corporation ("OCI") (collectively the "defendants"), alleging conversion pursuant to 12 U.S.C. § 1441 and fraud.[1] However, after reviewing the

allegations in the complaint, it is clear that this action is merely an attempt by plaintiff to relitigate, for the fourth time, the state foreclosure of the property located at 15 Hillary Drive, Bayville, New York (the "Bayville Property").

Defendants S. Riso, L. Riso, Carus and Manniello (collectively the "moving defendants") have moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and failure to state a claim for which relief may be granted. For the reasons set forth below, the

---

[1] In plaintiff's second "count" entitled "pendente claim for eviction," plaintiff asks this court to evict defendants S. Riso and L. Riso because their lien is subservient to the lien of plaintiff's lien. Count Three of plaintiff's complaint is a "pendent claim for violation of Section 487 of the New York Judiciary Law," and alleges that defendants Carus and Manniello are guilty of fraud for their conduct in a prior case and should be liable for treble damages. However, a reading of these counts clearly indicates that both Counts Two and Three are, in principle,

claims for fraud. Moreover, plaintiff's first count seeks damages for conversion pursuant to 12 U.S.C. § 1441 but, after reviewing the complaint, and as will be discussed *supra*, it is clear that there is no jurisdiction for this case under 12 U.S.C. §1441, and that, in essence, Count One also is a claim for fraud.

motions are granted and the complaint is dismissed in its entirety.

## I.  BACKGROUND

### A.  Facts

According to the complaint, on or about November 15, 1998, Comfed Savings Bank ("Comfed") forged a deed from John Lager ("Lager"), a fictitious person, to plaintiff for the purpose of stealing the Bayville Property from the plaintiff.  (Complaint at ¶¶ 1, 5.) On or about November 15, 1989, Lager obtained a mortgage from Comfed in the principle sum of $200,000, which was secured by the Bayville Property.  (*Id.* ¶¶ 1, 6.) OCI subsequently took assignment of the Mortgage from Comfed.  (*Id.* ¶ 1.)

Plaintiff alleges that, on March 1, 1994, OCI "pressed a foreclosure against plaintiff" and that OCI was "on notice from its attorneys defendants Barry R. Carus and Michael C. Manniello, that the mortgage belonged to Resolution Trust Corporation, and that OCI Mortgage Corp.'s assignment from Comfed was void and made solely to steal the property from plaintiff and to cover up the mortgage was Comfed." (*Id.* at ¶ 1.) According to the plaintiff, on July 26, 1999, "[d]efendants Carus and Manniello caused a fraudulent default judgment of foreclosure to be entered in Nassau County Supreme Court by Justice Edward W. McCarty III, on which a foreclosure sale was held and defendants Stephen Riso and Lorena Riso took claim to the title. . ." (*Id.* at ¶ 1.)

However, although plaintiff fails to mention his prior attempts to obtain the relief he seeks, this case has been litigated several times.  Justice Edward W. McCarty III of the Supreme Court of Nassau County granted summary judgment in the foreclosure action against plaintiff on

September 5, 1997, and the court subsequently denied Murphy's first motion to vacate the judgment on November 25, 1997. *OCI Mortgage Corp. v. Murphy*, 258 A.D.2d 633, 685 N.Y.S.2d 776 (N.Y. App. Div. 1999). Plaintiff appealed the November 25, 1997 Order to the Appellate Division.  *Id.*  The Appellate Division affirmed the order of the Supreme Court on February 22, 1999, holding that Murphy failed to "offer any reasonable excuse for having failed to oppose [OCI's] motion for summary judgment" and that the "Supreme Court properly" granted OCI's motion because Murphy "was attempting to evade service." *Id.*

Murphy then filed an action in the Nassau County Supreme Court against OCI, Carus and Manniello[2] seeking to remove a cloud on his title.  *Murphy v. OCI Mortgage Corp.*, No. 19572/00 (Dec. 6, 1999). On December 6, 1998, the Supreme Court ruled against Murphy and stated that "[p]laintiff mischaracterizes this action as one to remove a cloud on his title to real property. Some cloud.  The title in question was extinguished for all purposes in the prior foreclosure action and plaintiff's attempt to relitigate the outcome of that action is barred by principles of issue preclusion."  *Id.*

Murphy then brought a second motion to vacate the September 5, 1997 judgment of foreclosure in the Nassau County Supreme Court, which was denied on February 2, 2000.  *Credit Based Asset Servicing and Securitization, L.L.C. v. Murphy*, 5237/94 (Feb. 2, 2000).  Justice McCarty noted plaintiff's several attempts to obtain the relief Murphy seeks when he stated that

---

[2]  Zeichner, Ellman & Krause and the Incorporated Village of Bayville were also parties to the action filed in Nassau County Supreme Court, but are not named as defendants in this case.

"[t]he movants' claims are not unfamiliar to this Court given the numerous opportunities I have had to review this. However they continue to be challenged by plaintiff and repetition is no indication of merit." *Id.* Justice McCarty did not impose sanctions, but noted that "[a]lthough it is a close question, I am going to resist for the present the tempting invitation to impose sanctions on the defendant Murphy . . . the defendant Murphy has long since exhausted the patience of plaintiff and the patience of the Court is not without limit." *Id.*

Plaintiff then filed an action in the Eastern District of New York under index number 00-CV-2669 against defendants OCI, Carus and Manniello[3] alleging that the defendants act of foreclosing the mortgage on the Bayville Property violated the Racketeer Influenced and Corrupt Organizations Act and that the foreclosed mortgage was fraudulent, in that the mortgagor, John Lager, was a fictitious person. *Murphy v. OCI Mortgage* Corp, 00-CV-2669 (Aug. 20, 2001). On August 20, 2001, the Honorable Denis Hurley granted the defendants' motions to dismiss and held that the Court lacked jurisdiction pursuant to the *Rooker-Feldman* doctrine. *Id.* Plaintiff appealed Judge Hurley's decision to the Second Circuit. The Second Circuit affirmed the holding of the district court and, after reviewing the claims *de novo*, held that the federal courts lacked jurisdiction over Murphy's claims.

### B. Procedural History

Plaintiff filed the complaint in this action on February 23, 2011. Defendants Carus

---

[3] Zeichner, Ellman & Krause, Citibank, N.A. and First Capital Corp. were also named as defendants in the case before Judge Hurley with index number 00-CV-2669, but are not named as defendants in this case.

and Manniello filed their motion to dismiss in lieu of an answer on April 20, 2011. Plaintiff filed his opposition to Carus and Manniello's motion on May 11, 2011. Defendants Carus and Maniello submitted their reply on June 29, 2011. Defendants S. Riso and L. Riso submitted their motion to dismiss in lieu of an answer on May 20, 2011. Plaintiff filed his opposition to S. Riso and L. Riso's motion on June 13, 2011. Defendants S. Riso and L. Riso submitted a reply on June 29, 2011. Defendant OCI has not answered or appeared in this action.[4]

### II.   STANDARD OF REVIEW

When a court reviews a motion to dismiss for lack of subject-matter jurisdiction, it "must accept as true all material factual allegations in the complaint, but [it is] not to draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004). Moreover, the court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [it] may not rely on conclusory or hearsay statements contained

---

[4] On May 19, 2011, plaintiff submitted a letter motion for a pre-motion conference in anticipation of moving for default against OCI. On October 13, 2011, plaintiff filed a motion for an inquest for damages pursuant to Federal Rule of Civil Procedure 55 for an order granting plaintiff an inquest to calculate damages and allow plaintiff to enter judgment thereon for failure of defendant OCI to respond to the complaint. However, the summons that was returned executed indicates that plaintiff served OCI by serving Citibank Corporation. Plaintiff has not demonstrated, and the Court is not aware, of any connection between OCI and Citibank that would make it appropriate to serve OCI by serving Citibank. Moreover, even if plaintiff properly served OCI, for the reasons set forth *infra*, this Court does not have jurisdiction over plaintiff's claims. Accordingly, the claims against OCI are also dismissed *sua sponte*, and the plaintiff's motions for a default/inquest are denied as moot.

in the affidavits." *Id*. "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

When a Court reviews a motion to dismiss for failure to state a claim for which relief can be granted, it must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court recently clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth a two-pronged approach for courts deciding a motion to dismiss. 556 U.S. 662, 129 S. Ct. 1937 (2009). The Court instructed district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 1950. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 1949 (internal citations omitted) (quoting and citing *Twombly*, 550 U.S. at 556-57).

Where, as here, the plaintiff is proceeding *pro se*, "[c]ourts are obliged to construe the [plaintiff's] pleadings . . . liberally." *McCluskey v. N.Y. State Unified Court Sys.*, No. 10-CV-2144 (JFB)(ETB), 2010 U.S. Dist. LEXIS 69835, 2010 WL 2558624, at *8 (E.D.N.Y. June 17, 2010) (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) and *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). Nonetheless, even though the Court construes a *pro se* complaint liberally, the complaint must still "state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Mancuso v. Hynes*, 379 Fed. App'x 60, 61 (2d Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (applying *Twombly* and *Iqbal* to *pro se* complaint).

The Court notes that in adjudicating this motion, it is entitled to consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the

Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003) (internal citations omitted), *aff'd in part and vacated in part on other grounds sub nom., Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 395 F.3d 25 (2d Cir. 2005), *vacated on other grounds*, 547 U.S. 71 (2006); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("[T]he district court . . . could have viewed [the documents] on the motion to dismiss because there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim."); *Brodeur v. City of New York*, No. 04 Civ. 1859 (JG), 2005 U.S. Dist. LEXIS 10865, at *9-10 (E.D.N.Y. May 13, 2005) (court could consider documents within the public domain on a Rule 12(b)(6) motion to dismiss).

### III.   DISCUSSION

The moving defendants raise a number of arguments in support of dismissal. For the reasons that follow, the Court concludes that dismissal of plaintiff's claims is warranted for lack of subject matter jurisdiction and, in the alternative, must be dismissed under the doctrine of res judicata.[5]

### A.   Lack of Subject Matter Jurisdiction

The moving defendants argue that this court does not have subject matter jurisdiction to hear this case. For the reasons set forth below, this Court agrees and finds that neither federal question nor diversity jurisdiction is present here.

---

[5] Given the Court's conclusion that dismissal is warranted on these grounds, the Court need not consider defendants' additional grounds for dismissal.

### 1.   Federal Question Jurisdiction

A case may be filed in federal court "'when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Vera v. Saks & Co.*, 335 F.3d 109, 113 (2d Cir. 2003) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)); *see* 28 U.S.C. § 1331. A well-pleaded complaint may raise a federal question either by (1) asserting a federal cause of action, or (2) presenting state claims that "'necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194 (2d Cir. 2005) (quoting *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005)). "Ordinarily, a plaintiff is master of his complaint and may elect to proceed solely under state law even if federal remedies are available." *In re "Agent Orange" Prod. Liab. Litig.*, 996 F.2d 1425, 1430 (2d Cir.1993) (citing *Caterpillar*, 482 U.S. at 392), *overruled in part on other grounds by Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 31, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002).

In this case, plaintiff states that "[j]urisdiction is hereby invoked pursuant to 12 U.S.C. [§] 1441." However, 12 U.S.C. § 1441 is a statute that relates to the creation and financing of the Federal Home Loan Banks, and permits suits against such entities in state or federal court.  12 U.S.C. § 1441.  Plaintiff's complaint is devoid of any factual allegation relating to any entity under this statute. Instead, plaintiff's complaint clearly alleges a claim for a fraudulent conveyance of a mortgage.

Thus, plaintiff has failed to set forth that a valid claim of jurisdiction based on a federal question under Section 1441, or any other federal statute.

### 2.     Diversity Jurisdiction

It is axiomatic that federal courts only have diversity jurisdiction when there is complete diversity between the parties – that is, when all plaintiffs are citizens of different states from all defendants. *See* 28 U.S.C. § 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84, 88, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005); *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998). In addition, in order for there to be diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

Here, plaintiff alleges that this venue is proper because "[p]laintiff resides in the [sic] said Eastern District, the property 15 Hillary Drive, Bayview New York, is within the Eastern District of New York and the defendants and each of them reside and/or have their offices within Eastern District." (Complaint at ¶ 2.)  Accordingly, because plaintiff has indicated that all of the parties are citizens of New York, plaintiff has demonstrated that there is no diversity between the parties and that he does not satisfy 28 U.S.C. § 1332.

### 3.     The Rooker-Feldman Doctrine[6]

The moving defendants also argue that the *Rooker-Feldman* doctrine bars plaintiff's claims because plaintiff is essentially appealing the state court foreclosure proceeding, which resulted in the sale of the Bayville Property.  For the reasons set forth below, the Court agrees with the moving defendants.

Under the *Rooker-Feldman* doctrine – *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923), and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) – a United States District Court has no authority to review final judgments of a state court in judicial proceedings, except for constitutional challenges and reviews pursuant to an application for a writ of habeas corpus.  As the Supreme Court held, the doctrine precludes a district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and

---

[6] Defendants Carus and Manniello do not indicate which Federal Rule of Civil Procedure they are moving under.  Defendants S. Riso and L. Riso move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  However, all four defendants present arguments pursuant to the *Rooker-Feldman* doctrine.  Accordingly, because the defendants' *Rooker-Feldman* arguments implicate the court's subject-matter jurisdiction, the motions would be more appropriately brought under Rule 12(b)(1).  *See Alliance for Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 88 n. 6 (2d Cir. 2006) (noting that Second Circuit has considered standing challenges under both rules in the past but that 12(b)(1) is the more appropriate rule); *see also Lance v. Coffman*, 549 U.S. 437, 438 n. 8 (2007) (explaining that *Rooker Feldman* "concerns a district court's subject-matter jurisdiction"). In any event, as discussed above, the Court is independently obligated to determine whether it has subject-matter jurisdiction and, accordingly, considers the *Rooker-Feldman* argument regardless of which rule the defendants assert it under.

inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S. Ct. 1517, 1521-22 (2005); *Hoblock v. Albany Co. Board of Elections*, 422 F.3d 77, 83 (2d Cir. 2005).

The Second Circuit has delineated four requirements for the application of the *Rooker-Feldman* doctrine: (1) "the federal-court plaintiff must have lost in state court"; (2) "the plaintiff must complain of injuries caused by a state-court judgment"; (3) "the plaintiff must invite district court review and rejection of that judgment"; and (4) "the state-court judgment must have been rendered before the district court proceedings commenced." *Hoblock*, 422 F.3d at 85 (internal citations and quotations omitted). The Second Circuit has classified the first and fourth requirements as "procedural" and the second and third requirements as "substantive." *See id.*

Both the procedural and substantive requirements are met here. First, plaintiff lost in state court as evidenced by the prior state court judgments. Second, the judgments were rendered before the district court proceedings were commenced on February 23, 2011. Third, plaintiff is certainly complaining of injuries caused by the state court judgments. Finally, plaintiff is inviting district court review and rejection of those judgments. In short, it is clear that plaintiff's claim is merely an attempt to challenge Justice McCarty's previous decisions, and thus, this court lacks jurisdiction to hear this case. *See Storck v. Suffolk County Dep't of Soc. Servs.*, 62 F. Supp. 2d 927, 938 (E.D.N.Y. 1999) ("[A]n attempt to appeal the state court's decision . . . would clearly be barred by the *Rooker-Feldman* doctrine"); *Thaler v. Casella*, 960 F. Supp. 691, 697-98 (S.D.N.Y. 1997) (*Rooker-Feldman* "requires that an

aggrieved state court litigant must pursue his claims directly in the state appellate courts and ultimately to the United States Supreme Court.").

This Court's decision on this issue is consistent with numerous courts in this Circuit which have consistently held that attacks on a judgment of foreclosure are barred by the *Rooker-Feldman* doctrine. For example, in *Rene v. Citibank, N.A.*, 32 F. Supp. 2d 539, 543 (E.D.N.Y. 1999), the plaintiff alleged that the judgment of foreclosure was obtained in violation of 42 U.S.C. § 1983 and the Racketeer and Corrupt Organizations Act. The Court, in holding that it had no authority over the action, noted that "[t]he claims raised . . . implicate the propriety of the state judgment of foreclosure and eviction – the very issues apparently decided by the state court." *Id.*; *see also Parra v. Greenpoint Mortgage Co.*, No. 01 Civ. 2010, 2002 WL 32442231, at *2 (E.D.N.Y. Mar. 26, 2002) ("The fact that [a] plaintiff alleges that the state court judgment was procured by fraud does not remove his claims from the ambit of *Rooker-Feldman*); *Dockery v. Cullen & Dyckman*, 90 F. Supp. 2d 233, 236 (E.D.N.Y. 2000) (federal court lacks jurisdiction over claim that foreclosure was obtained by fraud); *Beckford v. Citibank N.A.*, No. 00 Civ. 205, 2000 WL 1585684, at * 3 (S.D.N.Y. Oct. 24, 2000) (federal court lacks jurisdiction over claim that defendants violated state and federal laws during foreclosure proceedings); *Drew v. Chase Manhattan Bank, N.A.*, No. 95 Civ. 3133 (JGK), 1998 WL 430549 (S.D.N.Y. July 30, 1998) (federal court lacks jurisdiction over claim that judgment of foreclosure was obtained by fraud).

Accordingly, plaintiff's claims are barred by the *Rooker-Feldman* doctrine and must be dismissed.[7]

### B.    Res Judicata

In the alternative, the moving defendants argue that plaintiff's claims are barred by res judicta because plaintiff's claims have already been adjudicated in several prior actions and multiple forums.   As set forth below, the Court agrees.

### 1.    Standard

The doctrine of res judicata, otherwise known as claim preclusion, prevents parties from re-litigating issues in subsequent litigation that were or could have been litigated in a prior action. *See Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).   "In applying the doctrine of res judicata, [a court] must keep in mind that a state court judgment has the same preclusive effect in federal court as the judgment would have had in state court." *Burka v. N.Y.C. Transit Auth.*, 32 F.3d 654, 657 (2d Cir. 1994). Because the prior decisions at issue were rendered by a New York State court, New York's transactional analysis of res judicata governs, *see Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), an analysis which "bars[s] a later claim arising out of the same factual grouping as an

earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). This transactional approach "does not . . . permit a party to remain silent in the first action and then bring a second one on the basis of a preexisting claim for relief that would impair the rights or interests established in the first action." *Beckford v. Citibank N.A.*, No. 00 Civ. 205, 2000 U.S. Dist. LEXIS 15549, at *10-11, 2000 WL 1585684 (S.D.N.Y. Oct. 24, 2000) (quoting *Henry Modell & Co. v. Minister, Elders & Deacons of Ref. Prot. Dutch Church*, 68 N.Y.2d 456, 462 n. 2, 510 N.Y.S.2d 63, 502 N.E.2d 978 (N.Y. 1986)). The doctrine applies only if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000) (citations omitted). Finally, "[i]n determining whether a second suit is barred by this doctrine, the fact that the first and second suits involved the same parties, similar legal issues, similar facts, or essentially the same type of wrongful conduct is not dispositive." *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997). "Rather, the first judgment will preclude a second suit only when it involves the same 'transaction' or connected series of transactions as the earlier suit." *Id*. Therefore, as the Second Circuit has noted, "the obvious starting point in a preclusion analysis is a determination of the issues that were litigated in the first action." *Flaherty v. Lang*, 199 F.3d 607, 613 (2d Cir. 1999). Furthermore, in evaluating the res judicata effect of a prior action, "courts routinely take judicial notice of documents filed in other courts, again not for the truth of the matters asserted in the

---

[7] Although plaintiff attempts to avoid application of the *Rooker-Feldman* doctrine by arguing in his opposition papers that he has new evidence of fraud under Rule 60 of the Federal Rules of Civil Procedure, the Court rejects that argument.  Plaintiff has failed to provide the Court with any evidence of fraud, or any other grounds, that would warrant relief under Rule 60.  In fact, as defendants correctly note in their reply, plaintiff's purported new evidence of fraud is, as set forth in his complaint, information contained in a 1994 case in the First Circuit. (Complaint at ¶ 22.) Such information would not be a basis for relief under Rule 60.

other litigation, but rather to establish the fact of such litigation and related filings." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).

### 2.     Application

The doctrine of res judicata clearly applies in this case.  First, as detailed *supra*, Justice McCarty ordered a judgment of foreclosure of plaintiff's property, which was affirmed on appeal to the Appellate Division.  Plaintiff attempted to vacate the foreclosure by moving on two separate occasions in the Supreme Court of Nassau County.    Moreover, plaintiff brought a nearly identical claim to this Court before Judge Hurley which was denied, and affirmed on appeal by the Second Circuit.  In all of plaintiff's prior actions, plaintiff alleged that the mortgage was fraudulent for the same reasons he has set forth in his complaint in this action; that the mortgage was fraudulently obtained and thus his property was wrongfully foreclosed.  Accordingly, plaintiff's claims were clearly adjudicated on several occasions.  Furthermore, plaintiff was a party to each of the prior actions detailed *supra*.  Therefore, plaintiff's claims are barred by the doctrine of res judicata.[8]

### IV.     LEAVE TO REPLEAD

Although plaintiff has not requested leave to amend or replead his complaint, the Court has considered whether plaintiff should be given an opportunity to replead.  The Second Circuit has emphasized that

A *pro se* complaint is to be read liberally.  Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.

*Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotations and citations omitted).  Under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Fed.R. Civ. P. 15(a).  However, even under this liberal standard, this Court finds that any attempt to amend the pleading in this case would be futile.  As discussed in detail *supra*, this Court lacks jurisdiction to hear plaintiff's claims and plaintiff's claims are barred by the doctrine of res judicata.  Accordingly, it is abundantly clear that no amendments can cure the jurisdictional (and other) defects in this case, and any attempt to replead would be futile.  *See Cuoco*, 222 F.3d at 112 ("The problem with [plaintiff's] cause[] of action is substantive; better pleading will not cure it.  Repleading would thus be futile.  Such a futile request to replead should be denied."); *see also Hayden v. Cnty.of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) (holding that if a plaintiff cannot demonstrate he is able to amend his complaint "in a manner which would survive dismissal, opportunity to replead is rightfully denied").

---

[8]  The Court also notes, in the alternative, that plaintiff's claims also would be barred by the doctrine of collateral estoppel for the reasons articulated by the moving defendants in this motion papers.

V.    CONCLUSION

For the foregoing reasons, the moving defendants' motions to dismiss plaintiff's complaint, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, are granted.   For the same reasons, the Court *sua sponte* dismisses plaintiff's claims against OCI.   Plaintiff's motions for a default/inquest to calculate damages against OCI are denied as moot. The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated:        January 12, 2012
              Central Islip, NY

* * *

Plaintiff is preceding *pro se*: Pat Murphy, 248 West Park Avenue, Long Beach, NY 11561. The attorney for defendants Stephen Riso and Lorena Riso is Ethan John Steward, Esq., of Fidelity National Law Group, 350 Fifth Avenue, Suite 3000, New York, NY 10118.  Defendant Michael C. Manniello, Esq., of Michael C. Manniello P.C, 115 Eileen Way, Suite 103A, Syosset, NY 11791, is representing himself and Barry R. Carus.